```
                                          FILED
                                   U.S. DISTRICT COURT
                                  DISTRICT OF COLORADO
```

1 | Konrad Richard Schilling
2 | 11757 W KEN CARYL AVE STE F # 128
    LITTLETON CO 80127-3719
    Telephone No.: (720) 201-0380
3 | E-mail Addr.: konrad.schilling@zoho.com
    In Propria Persona

```
2017 JAN -9  AM 9: 37

JEFFREY P. COLWELL
       CLERK

BY_____DEP. CLK
```

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

**'17 - CV - 00062**

KONRAD RICHARD SCHILLING,        )  Case No.:
                                 )
            Plaintiff,           )  COMPLAINT FOR WRIT OF MANDAMUS
                                 )
v.                               )
                                 )
JOHN FORBES KERRY,               )
                                 )
            Defendant            )
                                 )

To the Honorable Judges of Said Court:

   Plaintiff, KONRAD RICHARD SCHILLING, in propria persona, complaining of Defendant, alleges as follows:

**PREAMBLE.**

1. This action is brought to compel the defendant, JOHN FORBES KERRY, Secretary of State of the United States of America ("U.S."), to process Plaintiff's application for a U.S. passport ("passport") and to render a written decision thereon. Plaintiff wishes to emigrate yet is legally confined inside the U.S. until Defendant issues him a passport.

COMPLAINT FOR WRIT OF MANDAMUS - PAGE 1 OF 11

## PARTIES

2. Plaintiff Konrad Richard Schilling is a natural-born citizen of the U.S. and a resident of Jefferson County, State of Colorado ("Colorado").

3. Defendant John Forbes Kerry is Secretary of State of the U.S., and as such, is the head of the U.S. Department of State ("DS"). Defendant's mailing address is: The Honorable Secretary of State John F. Kerry/U.S. Department of State/2201 C Street, N.W./Washington, D.C. 20520. Defendant is sued herein exclusively in his official capacity.

## JURISDICTION

4. Jurisdiction over the subject matter of this Complaint is conferred on this Court by 28 U.S.C § 1361, the Mandamus Act, under which this Court has the power to compel an officer of the U.S. to perform his duty. Jurisdiction is also conferred by 28 U.S.C. § 1331. Relief is requested pursuant to said statutes.

## VENUE

5. Venue is properly in this Court pursuant to 28 U.S.C § 1391(e)(1) because Defendant is an officer or employee of the U.S., a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the judicial district of this Court, Plaintiff resides in the judicial district of

this Court, and no real property is involved in this action.

## STANDING

6. As an individual who has been "adversely affected or aggrieved by agency action," Plaintiff has standing and is entitled to judicial review under the Administrative Procedure Act, 5 U.S.C §§ 702, 706. Plaintiff also has standing under the Mandamus Act, 28 U.S.C. § 1361, because he has a clear right to the relief he is requesting.

## FACTS

Upon information and belief, Plaintiff alleges the following facts:

7. Plaintiff was born in 1990 in Saint Paul, Minnesota, and thereby acquired U.S. nationality and citizenship pursuant to 8 U.S.C. § 1401(a). Plaintiff has a certificate of birth issued by the Minnesota Department of Health.

8. Plaintiff was registered as a voter by the Jefferson County Clerk and Recorder on the 14th day of October, 2016. Plaintiff has a voter information card issued by the Elections Division of Jefferson County.

9. Plaintiff voted by mail-in ballot, and was required to provide documentation of his identity. After returning his ballot with a copy of his birth certificate, he received e-mail from the Elections Division of Jefferson County

confirming that his ballot was "validated and accepted" on the 3rd day of November, 2016.

10. Plaintiff applied for a passport on the 24th day of October, 2016, at the Colorado Passport Agency ("Agency") on 3151 S. Vaughn Way, Aurora, CO.

11. Plaintiff had an appointment at the Agency at eight o'clock in the morning with the confirmation number 65823752 and personal identification number 7351.

12. With Plaintiff was his identifying witness, who accompanied the Plaintiff to the Agency and was present throughout the appointment.

13. During the appointment, staff at the Agency called Plaintiff to a window for a second time, and, after a duration, an employee ("Jane Doe #1") eventually asked him to present his identification.

14. Plaintiff produced his certificate of birth, his expired passport, the aforementioned identifying witness, a notarized Affidavit of Identification Photograph, and several forms of secondary identification.

15. Plaintiff did not withhold any identifying documentation, having brought everything he has.

16. Jane Doe #1 called for a second employee ("Jane Doe #2") to look at the aforementioned identification, and then they both

COMPLAINT FOR WRIT OF MANDAMUS - PAGE 4 OF 11

1    went away from the window.
2  17. After a short time, a passport adjudicator ("Adjudicator")
3    came to the window.
4  18. The Adjudicator, who did not divulge his name, aggressively
5    refused Plaintiff's application for a passport, claiming that
6    the aforementioned identification was inadequate, and that
7    Plaintiff needed a government-issued photo ID.
8  19. Plaintiff does not drive, and has never been issued a Driver
9    License or State ID.
10 20. To receive a Colorado State ID, Plaintiff would need to
11    produce one of the following documents proving identity: CO
12    Driver License, Permit or ID Card (expired less than 10 yrs);
13    Out of State Real ID document; US Passport (expired less than
14    10 yrs); I-551 verified by SAVE; Certificate of
15    Naturalization w/ photo; Certificate of Citizenship w/ photo;
16    Military ID/Common Access Card (expired less than 10 yrs); VA
17    Card w/photo (expired less than 20 yrs); Bureau of Indian
18    Affairs ID Card w/photo (expired less than 20 yrs); Parent or
19    legal guardian Affidavit of Identity (if under 21 yrs old);
20    or Identity Card issued by the Federal Bureau of Prisons or
21    any State DOC.
22 21. Plaintiff does not possess any of the above identity
23    documents. Plaintiff's passport expired in 2005.

22. Plaintiff explained to the Adjudicator that he does not possess an unexpired government-issued photo ID, and that it was for this reason that he brought an identifying witness, in accordance with DS regulations.
23. The Adjudicator stated that he would not accept an affidavit ("DS-71") from the Plaintiff's identifying witness, claimed that the notarization of the aforementioned Affidavit of Identification Photograph was invalid, and declared that he would not even consider Plaintiff's passport application.
24. The Adjudicator would not let the Plaintiff speak to anyone else at the Agency. Plaintiff and his identifying witness subsequently left the Agency empty-handed.
25. Afterwards, on the same day, Plaintiff called the National Passport Information Center ("NPIC"), and a representative who identified herself as "Vanessa" told him that there were no other officials he could appeal to, and that the regional passport agency had complete discretion to make a "final determination." Plaintiff has a record of this call.
26. On the 14th day of November, 2016, after additional efforts to contact the DS, Plaintiff attempted to compromise with the NPIC: grant him an exit visa, safe conduct, or equivalent document to permit him to leave the country legally (even without the right to reentry), and Plaintiff would be

satisfied.

27. The NPIC advised Plaintiff to contact U.S. Customs and Border Protection ("CBP"), who refused to issue Plaintiff a Transportation Letter to depart by air, claiming he was ineligible as a citizen, in clear contradiction to their published rules.

28. Plaintiff has records of the written communications mentioned in paragraphs 26 and 27.

29. Pursuant to 8 U.S.C. § 1185(b), "... it shall be unlawful for any citizen of the United States to depart from or enter, or attempt to depart from or enter, the United States unless he bears a valid United States passport."

30. Plaintiff has not received his passport, and has thereby been denied his right to travel and his due process of law under the Fifth Amendment, pursuant to *Kent v. Dulles*, 357 U.S. 116 (1958).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

31. Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

### FIRST CLAIM FOR RELIEF:
### WRIT OF MANDAMUS

32. Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth

herein.

33. Pursuant to the Passport Act of 1926, 22 U.S.C. § 211a, Defendant has the power to grant, issue and cause passports to be granted.

34. Defendant has delegated his passport issuance authority to the Passport Services Directorate of the Bureau of Consular Affairs ("CA/PPT"), which manages a network of domestic Passport Centers and domestic Passport Agencies.

35. The Colorado Passport Agency is one of the aforementioned Passport Agencies.

36. On October 24, a Passport Adjudicator employed at the aforementioned Colorado Passport Agency, acting under the aforementioned authority to grant passports, arbitrarily and unjustifiably refused Plaintiff's application for a passport without issuing a written denial.

37. Pursuant to 22 CFR § 51.23, "The applicant must establish his or her identity by the submission of a previous passport, (…) or other identifying evidence which may include an affidavit of an identifying witness."

38. Furthermore, the Passport Acceptance Guide of the DS states: "A customer who has insufficient or unacceptable ID may use an identifying witness."

39. The aforementioned Passport Adjudicator refused to let

    Plaintiff's identifying witness complete a copy of the DS-71, a form titled "Affidavit of Identifying Witness."

40. Therefore, Defendant, in violation of the Administrative Procedure Act, 5 U.S.C. § 701, et seq., is willfully and unlawfully withholding or unreasonably delaying Plaintiff's application for a passport.

41. Defendant's actions as described above were and are willful, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and contrary to constitutional rights, power, privilege, or immunity, and should be declared unlawful pursuant to 5 U.S.C. § 706(2)(A-B).

42. The statutes and regulations confirm that Defendant has a clear duty to process Plaintiff's application for a passport.

43. The adjudication of Plaintiff's passport application is ministerial and non-discretionary. See *Paunescu v. INS*, 76 F. Supp. 2d 896; *Maciel v. Rice*, 2007, U.S. Dist. LEXIS 95298.

44. Defendant's failure to act on Plaintiff's application for a passport constitutes a final agency action in violation of the Administrative Procedure Act, pursuant to 5 U.S.C. § 551(13).

45. Pursuant to 5 U.S.C. § 704, "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests this Honorable Court:

1. Accept jurisdiction over this action;
2. Construe all of the *pro se* pleadings of Plaintiff, to the greatest possible extent, liberally and broadly;
3. Issue a peremptory writ of mandamus compelling Defendant to process forthwith Plaintiff's application for a passport; and
4. Grant all such other and further relief as the Court may deem just and proper.

Dated this 7th day of January, year 2017 of the Common Era.

Respectfully submitted,

*/s/ Konrad Richard Schilling*
KONRAD RICHARD SCHILLING
In Propria Persona

|   |   |
|---|---|
| 1 | **AFFIDAVIT OF VERIFICATION** |
| 2 | I, Konrad Richard Schilling, the Affiant herein, being first |
| 3 | duly sworn on oath, do hereby state, under penalty of perjury, |
| 4 | that I am the Plaintiff above-named, I have read the foregoing |
| 5 | Complaint, know its contents, and believe the same to be true. |
| 6 |  |
| 7 | Further Affiant sayeth naught. |
| 8 |  |
| 9 | *Konrad Richard Schilling* |
|  | KONRAD RICHARD SCHILLING, Affiant |
| 10 |  |
| 11 | STATE OF COLORADO  ) |
|  |                   ) SS. |
| 12 | COUNTY OF JEFFERSON ) |
| 13 | SUBSCRIBED AND SWORN TO before me this 7th day of January, |
| 14 | year 2017 of the Common Era, by KONRAD RICHARD SCHILLING. |
| 15 | SEAL: |
| 16 | JOHN DAVID NELSON |
|  | Notary Public |
| 17 | State of Colorado |
|  | Notary ID 20154049643 |
|  | My Commission Expires Jan 4, 2020 |
|  | NOTARY PUBLIC in and for the State of Colorado. |

COMPLAINT FOR WRIT OF MANDAMUS - PAGE 11 OF 11